IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

Daniel Bond, individual,

    Plaintiff,

vs.

                                Cause No.:

Keystone RV Company,
a Foreign Profit Corporation,

    Defendant.

**JURY TRIAL DEMANDED**
**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Daniel Bond, by and through his attorneys, Lemon Law Group Partners PLC, and submits the following as his Complaint against Defendant Keystone RV Company ("Defendant Keystone" or "Defendant Manufacturer").

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Daniel Bond is an individual residing at 12216 Siesta Drive, Fort Myers Beach, Florida 33931.

2. Defendant Keystone is a foreign profit corporation doing business throughout the State of Indiana. Defendant Keystone may be served through its registered agent, Mr. David G. Thomas, 2642 Hackberry Drive, Goshen, Indiana 46526.

3. The transactions and occurrences involved in this action took place in the State of Indiana, County of Elkhart.

## **COMMON AVERMENTS**

4. On or about April 30, 2022, Plaintiff purchased a new 2022 Keystone Outback Ultra-Lite 292 URL travel trailer, VIN: 4YDT0BP27NB451340 (the "Subject Trailer"). Please see Exhibit A: Purchase Agreement.

5. At the time of purchase, the Subject Trailer was accompanied by a factory warranty which, in relevant part, provided for a 1 (one) year limited base warranty and 3 (three) year limited structural warranty (the "Warranty"). Please see Exhibit B: Pertinent Portion of Warranty. Warranty in its entirety is in Defendant's possession.

6. The Subject Trailer was purchased primarily for personal, family, and/or household purposes.

7. Defendant Manufacturer's warranty covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

8. In fact, when delivered, the Subject Trailer was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

9. Shortly after purchase, Plaintiff noticed numerous defects in the trailer, including but not limited to water leaking from roof despite numerous repair attempts, trim defects, extensive water damage in trailer, battery issue, walls bulging out due to water damage, blinds inoperable, mold in interior and exterior of trailer, refrigerator leaking, floors buckling, table buckling, and water leaks persist despite numerous repair attempts. Plaintiff returned the trailer to an Authorized Dealership for repair on at least 3 (three) occasions. Please see Exhibit C: Repair Orders.

10. Subject Trailer has been out-of-service for at least 90 (ninety) total days for the aforementioned repairs. Please see Exhibit C.

11. Despite the prolonged time during which the Subject Trailer has been out-of-service, Defendant Manufacturer has failed to repair the Subject Trailer so as to bring it into conformity with the warranties set forth herein.

12. The defects experienced by Plaintiff with the Subject Trailer substantially impaired its use, value, and safety to the Plaintiff, and have shaken the Plaintiff's faith in the trailer to operate as designed.

13. Despite Plaintiff's repeated efforts to allow Defendant Manufacturer the opportunity to conform the Subject Trailer, many nonconforming and defective conditions were not repaired, and still exist.

14. The Trailer still has issues including water leak defects and mold.

15. Plaintiff directly notified Defendant of the defective conditions of the trailer on numerous occasions and that he desired a buy-back of the Subject Trailer, wherein Defendant failed and refused to buy back Plaintiff's defective Trailer and to reimburse Plaintiff pursuant to his rights under State and Federal Laws.  Please see Exhibit D:  Written Notification, and Exhibit E: Return Receipt.

16. This cause of action arises out of the Defendant's Breach of Warranty and violation of the Federal Magnuson-Moss Warranty Act as set forth in this Complaint.

17. Plaintiff seeks judgment against Defendant in whatever amount Plaintiff is entitled to, including equitable relief, consequential damages, along with the costs and expenses of this action.

18. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

USDC IN/ND case 3:23-cv-00818-DRL-SJF   document 1   filed 09/01/23   page 4 of 6

## COUNT I
## BREACH OF FACTORY WARRANTY

19. Plaintiff fully repeats and incorporates Paragraphs 1 through 18, as set forth above.

20. Defendant Keystone extended to Plaintiff a 1 (one) year limited base warranty and 3 (three) year limited structural warranty ("Warranty").

21. Plaintiff, seeking to repair the Subject Trailer, attempted to exercise Plaintiff's rights under the Warranty.

22. Defendant Keystone has failed to honor the terms of the Warranty.

23. Defendant Keystone has failed or refused to repair the issues which include water leak defects and mold.

24. As a result of the actions set forth above, Defendant Keystone has breached its warranty.

25. As a result of Defendant Keystone's breach of warranty, Plaintiff has suffered and will continue to suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendant Keystone in an amount to be proven at trial, including all consequential damages, incidental damages, equitable remedies, costs, interest, and attorney fees.

## COUNT II
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

26. Plaintiff fully repeats and incorporates Paragraphs 1 through 25, as set forth above.

27. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

28. Plaintiff is a "consumer" as defined by 15 USC § 2301(3).

29. Defendant Keystone is a "supplier" and "warrantor" as defined by 15 USC § 2301(4)(5).

4

30. The Subject Trailer is a "consumer product" as defined by 15 USC § 2301(6).

31. 15 USC § 2310(d)(1)(A), requires Defendant Keystone, as a warrantor, to remedy any defects, malfunction or non-conformance of the Subject Trailer within a reasonable time and without charge to Plaintiff, as defined in 15 USC § 2304(d).

32. The actions of Defendant Keystone as hereinabove described, in failing to tender the Subject Trailer to Plaintiff free of defects and refusing to repair or replace the defective trailer tendered to Plaintiff, constitute a breach of the written warranties covering the Subject Trailer; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

33. Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed upon him by Defendant Keystone, Defendant Keystone has failed and refused to cure any defects and non-conformity with the Subject Trailer.

34. As a result of Defendant Keystone's breach of factory warranty as set forth above, and Defendant Keystone's failure to honor its obligations under its warranties, Plaintiff has suffered and will continue to suffer damages as enumerated above.

35. Defendant Keystone had a reasonable opportunity to remedy the defects in the trailer but has failed to do so, thereby entitling Plaintiff to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

36. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

5

(1) For actual damages according to proof at trial;

(2) For a refund of the purchase price of Subject Trailer;

(3) For Defendant Keystone to accept return of Subject Trailer;

(4) For attorney's fees and costs of suit incurred herein;

(5) For such other and further relief as the court deems just and proper under the circumstances;

(6) That all issues be tried before a jury.

Dated: September 1, 2023

Respectfully submitted,

LEMON LAW GROUP PARTNERS PLC

By: /s/ Sara Douglass
Sara Douglass, Esq.
Lemon Law Group Partners PLC
48 North Emerson Avenue, Suite 400
Greenwood, Indiana 46143
Telephone No.: (888) 415-0610
Facsimile No.: (888) 809-7010
sarab@lemonlawgrouppartners.com